

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. 0-2854
Re: Exchangeability of note stamps under particular fact situation

In your letter of October 21, 1940, you submitted to us the following as being the facts involved:

That on July 7, 1937, E. A. Tapp, as agent for Jane Oil Company, H. H. Weinert, A. B. Bauchman, Bostex Oil Corporation, and C. M. Boston, purchased from you $697.10 in note stamps, making payment therefor under protest. On the same day the Alamo National Bank of San Antonio purchased a like amount of stamps, not protesting the payment therefor. That such stamps were intended to be placed on two instruments ($697.10 per instrument) securing the same indebtedness. You advised that at that time the Note Tax Law was being enforced according to an opinion, written by an Assistant to then Attorney General William McCraw, that required the attaching of stamps to each and every lien instrument filed for the purpose of securing a single indebtedness. (Incidentally, that opinion was overruled by an opinion from a group of McCraw's Assistants on September 1, 1938.) That the stamps purchased by Mr. Tapp as aforesaid were not used, but the instrument on which those stamps were intended to be used was filed without placing any stamps thereon. That the stamps purchased by the Alamo National Bank were, however, attached to another instrument securing the same indebtedness.

A portion of the stamps thus purchased by Mr. Tapp have been used on other instruments since that time, but the remainder are now in the hands of H. H. Weinert of Seguin, who desires to exchange them for stamps of smaller denomination. In that letter you requested our opinion as to whether or not you should make the exchange requested by Mr. Weinert.

Since writing us the above letter you have had further correspondence with Mr. R. A. Weinert, attorney at Seguin, and it seems that the information received and given us was not correct. You have requested that we answer your question, assuming the facts to be as stated in Mr. R. A. Weinert's letter to you of November 14th, as follows:

In the month of July, 1937, the following instruments were executed in connection with the sale of certain properties located in the North Pettus Field in Goliad County, Texas, to-wit: (1) Assignment from Bostex Oil Corporation to West Virginia Gas Corporation covering an undivided one-half interest in the Runge Loan Company lease. A vendor's lien was retained to secure the payment of two notes in the amounts of $27,700 and $13,000 respectively. (2) An assignment from H. H. Weinert to West Virginia Gas Corporation covering the Lackey-Weldon twenty and sixty acre tracts and an undivided one-fourth interest in the Runge Loan Company land. A vendor's lien was retained to secure the payment of two notes in the amounts of $105,000 and $77,000 respectively. (3) A bill of sale from H. H. Weinert and A. B. Bauchman to West Virginia Gas Corporation assigning the capital stock of Jane Oil Company. The purchaser executed a collateral pledge of the stock to secure the payment of two notes in the amounts of $270,000 and $205,000. The notes mentioned in subdivisions 1 and 2 above were also secured by Deeds of Trust covering the same property and securing the same notes. All of these instruments, including the Deeds of Trust, were recorded and all of them were stamped in accordance with the provisions of Article 7047e, Vernon's Civil Statutes. The total stamps used amounted to $919.40. However, through some confusion two sets of stamps had been ordered, one for $700.00 by H. H. Weinert and associates and the other being for $697.10 by the Alamo National Bank. Since that time a part of the surplus stamps have been used on other documents, but the interested parties still have on hand $448.20 worth of those stamps, being nine stamps of the denomination of $49.80 each. It is sought to exchange those stamps for other stamps of smaller denomination.

Article 7047e, Vernon's Civil Statutes, as it read at the time the stamps in question were purchased was as follows:

"(a)  Except as herein otherwise provided, there is hereby levied and assessed a tax of ten cents (10¢) on each One Hundred Dollars ($100) or fraction thereof, over the first Two Hundred Dollars ($200), on all notes and obligations secured by chattel mortgages, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State; providing that no tax shall be levied on instruments for an amount of Two Hundred Dollars ($200) or less.  After the effective date of this Act, except as hereinafter provided, no instrument creating a lien of any character to secure the payment of money, or reserving title to any property until the purchase price thereof shall have been paid, shall be filed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this Section; and providing further that the provisions of this Section shall not apply to renewals or extensions of any notes or obligations, and specifically shall not apply to refunding of existing bonds or obligations.  And providing further this Section shall not apply to notes and obligations or instruments securing same taken by or on behalf of the United States or any corporate agency or instrumentality of the United States Government in carrying out a governmental purpose as expressed in any Act of the Congress of the United States."

"(b)  Payment of the tax hereby levied shall be evidenced by affixing the stamps herein provided for to all instruments included within the provisions of subdivision (a) of this Section, and it shall be the duty of the State Treasurer to have engraved or printed the stamps necessary to comply with this Section, and to sell the same to all persons upon demand and payment therefor.  The stamps shall be of such design and denomination as to the Treasurer shall seem proper, and shall show the amount of the tax, the payment of which is evidenced thereby, and shall contain the words 'Note

Stamp.' The State Treasurer shall be responsible for the custody and sale of such stamps and for the proceeds therefrom under this official bond."

It was recently held by the Eastland Court of Civil Appeals in the case of City of Abilene v. Frier, (not yet reported) that the tax levied by this statute is, in effect, a privilege tax laid upon the privilege of using the public records, not a tax upon the note or obligation secured. Hence a stamp has not been used until it has been affixed to an instrument for recording. Consequently, it cannot be said that the stamps now held by Mr. Weinert had ever been allocated or assigned to any particular instrument. A stamp may be purchased with the intention of placing the same upon one document, whereas the same may be used on an entirely different instrument. There is nothing to prevent a person's so doing.

While the statute, neither in its original form nor as amended, contains no provision relating to the exchange of stamps, you advise us that it has been the practice of your Department to exchange such stamps when those held by some person are of denominations not suitable to his needs. We see no objection to such practice. Under the facts as submitted in Mr. Weinert's letter of November 14, 1940, there can be no question but that the exchange may be made.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ∮

Glenn R. Lewis
Assistant

GRL:BBB

APPROVED NOV. 26, 1940

∮ - GERALD C. MANN

ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE

By: B. W. B., Chairman